Law

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWIGHT W. BIRDWELL,<br><br>Plaintiff,<br><br>v.<br><br>CHARLIE ADDINGTON, JOEL THOMPSON, BOB LEWANDOWSKI, MARK McCOLLOUGH, JOE BYRD, BOB POWELL, HOUSING AUTHORITY OF THE CHEROKEE NATION AND HOUSING AUTHORITY OF THE CHEROKEE NATION BOARD OF COMMISSIONERS, IN THEIR OFFICIAL AND REPRESENTATIVE CAPACITIES ONLY, COMPOSED OF SAM ED BUSH, STANLEY JOE CRITTENDEN, ALEYENE HOGNER, BILLY HEATH AND MELVINA SHOTPOUCH,<br><br>Defendants. | 99CV0156H (M)<br>Case No. ____________<br><br>FILED<br>FEB 26 1999<br>Phil Lombardi, Clerk<br>U.S. DISTRICT COURT<br><br>JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff, for cause of action against the Defendants, alleges and states:

PARTIES

1. Plaintiff, Dwight W. Birdwell, maintains a residence in Adair County, Oklahoma, and a law office in Oklahoma County, Oklahoma.

2. Defendant, Charlie Addington, is a resident of Delaware County, Oklahoma.

3. Defendant, Joel Thompson, is a resident of Cherokee County, Oklahoma.

4. Defendant, Bob Lewandowski, is a resident of Cherokee County, Oklahoma.

5. Defendant, Mark McCollough, is a resident of Mayes County, Oklahoma.

CJ

6. Defendant, Joe Byrd, is a resident of Cherokee County, Oklahoma.

7. Defendant, Bob Powell, is a resident of Cherokee County, Oklahoma.

8. Defendant, the Housing Authority of the Cherokee Nation ("Housing Authority"), is an agency organized pursuant to Oklahoma law. Its principal place of business is in Cherokee County, Oklahoma, but it conducts operations and maintains a field office in Delaware County, Oklahoma, and other counties within the Northern District.

9. Defendants, Sam Ed Bush, Stanley Joe Crittenden, Aleyene Hogner, Billy Heath and Melvina Shotpouch are named herein in their official and representative capacities only, as members of the Housing Authority Board of Commissioners, which has supervisory authority and control over the Housing Authority.

## JURISDICTION

10. Jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, and on 18 U.S.C. § 2510, et seq., and specifically, 18 U.S.C. § 2520. The Court possesses pendent jurisdiction to hear Plaintiff's state law negligence and right of privacy claims because they arise out of the same transactions and occurrences as the federal claims.

## VENUE

11. Venue is appropriate in the Northern District of Oklahoma since one or more of the Defendants reside in this district, the Housing Authority and its Board of Commissioners conduct business in the Northern District, and also because the illegal wire taps or interceptions of wire, oral or electronic communications occurred in the Northern District. See 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

## COUNT ONE

(18 U.S.C. § 2510, et seq.,
Against Thompson, Addington and Lewandowski)

12. Defendant Thompson, at all times relevant herein, was the executive director of the Housing Authority. The Housing Authority procured or acquired certain electronic surveillance equipment which could be and was used to illegally intercept electronic communications. Defendant Thompson, along with Defendants Addington and Lewandowski, who at the time were employees of the Housing Authority, illegally used the electronic surveillance equipment, during the course of their employment, to intentionally intercept, endeavor to intercept, or procure other persons to intercept or endeavor to intercept electronic communications made to or by Plaintiff to or from a location or locations in Delaware County, Oklahoma.

13. Defendants Thompson, Addington and Lewandowski intentionally disclosed to other persons (third parties) the contents of the illegally intercepted electronic communications above-described, with knowledge or having reason to know that the information was

obtained through the illegal interception of an electronic communication in violation of 18 U.S.C. § 2510, et seq.

14. Further, Defendants Thompson, Addington and Lewandowski intentionally used and/or endeavored to use the contents of such electronic communications, knowing or having reason to know that the information was obtained through the illegal interception of electronic communication in violation of 18 U.S.C. § 2510, et seq.

15. Further, Defendants Thompson, Addington and Lewandowski intercepted, disclosed and/or used for tortious and illegal purposes and/or for private commercial gain, the electronic communication above-described.

16. The Plaintiff has been damaged as a result of the actions described above, such damages consisting of loss of reputation, mental anguish and distress; further, Plaintiff has incurred and will incur attorney's fees relative to the action described above, as well as court costs, litigation costs and related items of damage.

17. The actions of Defendants Thompson, Addington and Lewandowski were willful, wanton and in reckless disregard of the rights of the Plaintiff. Plaintiff is entitled to and also seeks punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendants Thompson, Addington and Lewandowski for all damages he has incurred, including but not limited to actual and punitive damages, attorney's fees, court costs, litigation costs and other appropriate relief.

## COUNT TWO

(18 U.S.C. § 2510, et seq.,
Against McCollough, Byrd and Powell)

18. Plaintiff incorporates by reference all previous allegations.

19. Defendants McCollough, Byrd and Powell intentionally and illegally acquired and then disclosed to other persons (third parties) the contents of or the tape recordings of the electronic communications described in Count One, with knowledge or having reason to know that the tape recorded information was obtained through the illegal interception of an electronic communication in violation of 18 U.S.C. § 2510, et seq.

20. Further, Defendants McCollough, Byrd and Powell intentionally used and/or endeavored to use the contents of such illegally secured electronic communications, knowing or having reason to know that the information was obtained through the illegal interception of electronic communications in violation of 18 U.S.C. § 2510, et seq.

21. Further, Defendants McCollough, Byrd and Powell disclosed and/or used for tortious and illegal purposes and/or for private commercial gain, the illegally secured electronic communications described above.

22. Plaintiff has been damaged as a result of the action described above, such damages relating to loss of reputation, mental anguish and distress; further, Plaintiff has incurred and will incur attorney's fees relative to the actions described above,

as well as court costs, litigation costs and related items of damage.

23. The actions of Defendants McCollough, Byrd and Powell were willful, wanton and/or with reckless disregard of the rights of the Plaintiff. Plaintiff is entitled to and also seeks punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendants McCollough, Byrd and Powell for all damages he has incurred, including but not limited to actual and punitive damages, attorney's fees, court costs, litigation costs and other appropriate relief.

## COUNT THREE

(18 U.S.C. § 2510, et seq.,
Against the Housing Authority)

24. Plaintiff incorporates by reference all previous allegations.

25. Defendant Housing Authority, acting through its employees, servants and agents, procured or acquired certain electronic surveillance equipment which could be and was used to illegally intercept electronic communications. The Defendant Housing Authority, acting through its employees, servants and agents, used or allowed to be used this electronic surveillance equipment to illegally and intentionally intercept electronic communications made to or by Plaintiff to or from a location or locations in Delaware County, Oklahoma. Thereafter, the Defendant Housing Authority, acting through its employees, servants and agents, illegally and intentionally disclosed to other persons (third

parties) the contents of the electronic communications above-described, with knowledge or having reason to know that the information was illegally obtained through the interception of an electronic communication in violation of 18 U.S.C. § 2510, et seq.

26. The Plaintiff has been damaged as the result of the actions of the Defendant Housing Authority, such damage consisting of loss of reputation, mental anguish and distress; further, Plaintiff has incurred and will incur attorney's fees relative to the action described above, as well as court costs, litigation costs and related items of damage.

27. The actions of Defendant Housing Authority, were willful, wanton and/or with reckless disregard of the rights of the Plaintiff. Therefore, Plaintiff is entitled to and also seeks punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendant Housing Authority for all damages he has incurred, including but not limited to actual and punitive damages, attorney's fees, court costs, litigation costs and other appropriate relief.

## COUNT FOUR

(Right of Privacy Against Thompson, Addington, Lewandowski, McCollough, Byrd and Powell)

28. Plaintiff incorporates by reference all previous allegations.

29. The above-described actions by Defendants Thompson, Addington, Lewandowski, McCollough, Byrd and Powell were an

intentional intrusion upon the solitude or seclusion or private affairs or concerns of Plaintiff.

30. The intrusion would be highly offensive to a reasonable person.

31. The actions of Defendants Thompson, Addington, Lewandowski, McCollough, Byrd and Powell were willful, wanton and/or with reckless disregard for the right of Plaintiff.

32. Plaintiff has been damaged as the result of such conduct.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendants Thompson, Addington, Lewandowski, McCollough, Byrd and Powell for all damages he has incurred, including but not limited to actual and punitive damages, attorney's fees, court costs, litigation costs and other appropriate relief.

## COUNT FIVE

(Right of Privacy Against
the Housing Authority)

33. Plaintiff incorporates by reference all previous allegations.

34. The above-described actions by Defendant Housing Authority were an intentional intrusion upon the solitude or seclusion or private affairs or concerns of Plaintiff.

35. The intrusion would be highly offensive to a reasonable person.

36. The actions of Defendant Housing Authority were willful, wanton and/or with reckless disregard for the rights of the Plaintiff.

37. Plaintiff has been damaged as the result of such conduct.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendant Housing Authority for all damages he has incurred, including but not limited to actual and punitive damages, attorney's fees, court costs, litigation costs and other appropriate relief.

## COUNT SIX

(Negligent Hiring, Retention and Supervision of Employees Against the Housing Authority)

38. Plaintiff incorporates by reference all previous allegations.

39. Defendant, Housing Authority, and the Housing Authority Board of Commissioners, acting through Defendants Bush, Crittenden, Hogner, Heath and Shotpouch, was negligent in the hiring, training, supervision, retention and control of Defendants Thompson, Addington and Lewandowski, who were employees of the Housing Authority and who committed the illegal acts described above during the course of their employment. The Defendant Housing Authority and its Board of Commissioners were repeatedly informed and warned of the illegal and improper conduct of Defendants Thompson, Addington and Lewandowski, but failed and neglected to take action to stop such conduct.

40. As the result of the negligence, Plaintiff has been damaged; further, Plaintiff has incurred and will incur charges for attorney's fees relative to the actions described above, as well as court costs, litigation costs and related items of damage.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendant, Housing Authority, for all damages incurred by him, including but not limited to actual damages, attorney's fees, court costs, litigation costs and other appropriate relief.

John B. Hayes, #4005
Hayes & Magrini
1220 N. Walker, P.O. Box 60140
Oklahoma City, OK 73146-0140
(405) 235-9922; 235-6611 (Fax)